**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DERREK E. ARRINGTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-615-JD** |
| | ) | |
| **UNITED STATES BUREAU OF PRISONS,** | ) | |
| | ) | |
| | ) | |
| **Respondent(s).** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Derrek E. Arrington, a *pro se*[1] prisoner in federal custody ("Petitioner"), seeks a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1).[2] United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). For the reasons set forth below, the undersigned recommends that Petitioner's petition for habeas relief be **DISMISSED** as a successive application for habeas relief under 28 U.S.C. § 2244(a).

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Screening

The Court must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing § 2254 Cases;[3] *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) ("[T]he district court possessed the discretion . . . to dismiss the § 2241 petition if it appeared that the petitioner was not entitled to relief . . . ."). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Report and Recommendation provides Petitioner with notice, and he can present his position by objecting to the recommendation. *See Smith v. Dorsey*, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

## II. Factual and Procedural Background

Petitioner is currently in federal custody and housed at the Federal Correctional Institution in El Reno, Oklahoma. (Doc. 1, at 1). He is currently serving a sentence entered on June 2, 1992, by the District of Columbia Superior Court in Case No. FI-14351-91 after the United States Parole Commission revoked his parole in 2019.[4] (*Id.; id.* at Ex. 1, at 1-

---

[3] The court may apply the Section 2254 Rules to this Section 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)

[4] Because Petitioner is serving a sentence from the District of Columbia Superior Court, he is considered a state prisoner for purposes of 28 U.S.C. § 2241. *See Eldridge v. Berkebile*,

4). In this action, Petitioner challenges the calculation of his sentence. Petitioner also challenged the calculation of this sentence in a prior § 2241 case, and the court denied his petition. *Arrington v. Bureau of Prisons, DSCC*, No. CIV-23-01087-JD, 2024 WL 4128307 (W.D. Okla. Sept. 9, 2024) ("*Arrington I*").

### A. The Instant Petition

Petitioner filed the instant Petition on June 6, 2025. (Doc. 1). Petitioner challenges the manner in which his good time credits have been applied to his sentence. (*Id.* at 2). Petitioner presents four grounds for relief.

In Ground One, Petitioner asks "[w]hether the Bureau of Prisons ["BOP"] interpretation of D.C. Code 24-201-29 is accurately being applied in accordance with DC Code to advance parole eligibility and mandatory release date." (*Id.* at 6). He asserts that "DC Code offender's earn good time at the rate of 10 days a month to advance their parole eligibility dates and decrease their mandatory release dates in absence of parole." (*Id.*)

In Ground Two, Petitioner asks "[w]hether the [BOP] misinterpreted the U.S. Parole Commissions notice of action of March 6, 2019, which states: the guideline range of 102-146 months to be served, creating an error in what portion of the sentence receives good time credit each month." (*Id.*) He asserts that "good time credit does not advance the full term expiration date of the parole violator sentence," but instead "it only applies to the term to be served in custody and advance the mandatory release date." (*Id.*)

791 F.3d 1239, 1243-44 (10th Cir. 2015). This distinction is only relevant in this matter if Petitioner appeals, in which case he must obtain a certificate of appealability. *Id.*at 1244.

In Ground Three, Petitioner asks "[w]hether the [BOP] deducted good time credit earned at the rate of 10 days month." (*Id.*) He asserts "the [BOP] good time data sheet does not reflect any deduction or any advancement of mandatory release date." (*Id.*)

In Ground Four, Petitioner asks "[w]hether the [BOP] erred in applying good time credit properly according to the DC Goodtime Credit Act, DC Code 24-201-29 and 28 C.F.R. § 2.35(a)(b)." (*Id.* at 7). He notes that "good time credit operates to allow a prisoner to become eligible for release earlier than otherwise authorized by the sentence he received, to advance an inmates eligibility date for release on parole and decrease inmates mandatory release date." (*Id.*) (citing D.C. Code § 24-201-29).

As relief, Petitioner seeks to have the Court review how the good time credit is applied and correct any errors related to the credit and his mandatory release date. (*Id.*)

**B. Petitioner's Prior § 2241 Action**

Petitioner previously filed a § 2241 habeas action in this court. *Arrington I*, No. CIV-23-1087-JD, Doc. 1 (W.D. Okla. Nov. 28, 2023). There, Petitioner also challenged the way his good time credits were applied to his June 2, 1992, sentence from the District of Columbia Superior Court.[5] *Id.* at 1-2. More specifically, he asserted "the Federal Bureau of Prisons' ('BOP') Designation and Sentencing Computation Center ('DSCC') incorrectly applied 2,211 days of statutory good time credit toward his 'full' sentence rather than toward his parole violator term, in violation of P5880.33, Chapter 17.6 of D.C.'s

[5] In the prior action, Petitioner identifies the case numbers as "FL-4351-91(F)" and "FL-4351-91(G)." *Arrington I* at Doc. 1, at 1. Although Petitioner identifies the case number in this petition as "FI-14351-91," it is clear Petitioner is challenging the execution of the same sentence.

Sentence Computation Manual and his constitutional rights" and requested immediate release from custody. *Arrington I*, 2024 WL 4128307, at *1. After Respondent filed a Motion to Dismiss, the court found:

> the United States Parole Commission ("Parole Commission") revoked Mr. Arrington's parole in a decision dated March 6, 2019, and Mr. Arrington was not given any credit for time spent on parole. Additionally, the Parole Commission continued Mr. Arrington's incarceration "to the expiration of [his] sentence." The National Appeals Board affirmed the Parole Commission's decision on June 11, 2019. Mr. Arrington's parole violator sentence was the 6,733 days he had remaining when he was released on parole on July 13, 1998. He was granted 88 days of credit for time served in jail between the end of his federal sentence and the execution of the parole violator warrant on August 21, 2018. As a D.C. offender, Mr. Arrington earned 10 days per month in statutory good time credit, and the BOP applied 2,211 in statutory good time credit toward his parole violator sentence, which accelerated his presumptive release date to October 10, 2030, instead of October 29, 2036. The policy clearly states that statutory good time credit "to be awarded is based on the length of the [parole violator] term rather than on the length of the sentence from which paroled . . . ."
>
> The BOP properly applied Mr. Arrington's good time credits to his parole violator term in accordance with the D.C. offender policy . . . .

*Id.* at *1-2 (internal citations omitted). Thus, the Court denied the Petition on the merits. *Id.* at *2.

**III. The Petition Should be Dismissed as Successive.**

28 U.S.C. § 2244(a) "authorizes a court to decline to hear a habeas petition that presents a claim raised and adjudicated on the merits in an earlier proceeding unless hearing the claim would serve the ends of justice." *Graewe v. English*, 796 F. App'x 492, 496 (10th Cir. 2019) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010)). Further, "[a] court may also decline to hear a habeas petition raising a claim that could have been presented in an earlier habeas petition but was not." *Id.* These principles apply here

because each individual ground raised in this action was either decided or could have been decided on the merits in *Arrington I*.

In Ground One, Petitioner seeks to have his good time credits applied at the rate of ten days per month in compliance with D.C. Code § 24-201-29. While Petitioner sought to have his good time credits applied at a rate of ten days per month in *Arrington I*, he did not cite the D.C. code provision at issue here. *Arrington I*, Doc. 1, at 6-7. But he certainly could have raised that claim there, as Petitioner cited the D.C. Code in his Informal Resolution Form and Request for Administrative Remedy, which he attached to his petition in *Arrington I*. *Id.* at Doc. 1, at Ex. 1, at 1-2. And the merits determination in *Arrington I* concluded that "the BOP properly applied [Petitioner's] good time credits to his parole violator term in accordance with the D.C. offender policy," meaning he "earned 10 days per month in statutory good time credit . . . toward his parole violator sentence." 2024 WL 4128307, at *2. Thus, the undersigned finds Ground One could have been raised in *Arrington I*, and further, the court made a merits determination on the issue.

In Ground Two, Petitioner asks whether the BOP misinterpreted the U.S. Parole Commission's Notice of Action because it had a guideline range of 102-146 months. (Doc. 1, at 6). So presumably, Petitioner seeks to be released earlier on this basis. But in *Arrington I*, United States Magistrate Judge Suzanne Mitchell addressed this argument and Petitioner's misunderstanding of the Notice of Action:

> In a further response, Petitioner doubles down on his assertion that his "[p]arole violator term to be served is 144 months." He attaches to this response the Parole Commission's revocation decision issued on March 6, 2019. In that decision, Petitioner highlights a sentence stating that his

> "aggregate guideline range is 102-146 months to be served." But Petitioner misunderstands the decision.
>
> The Court's review of the decision reveals the Parole Commission determined, after reviewing "all relevant factors and information," that "a decision above the guidelines [was] warranted because [Petitioner was] a more serious risk than indicated by [his] Salient Factor Score *or guideline range*" because of his violent behavior. So the Commission revoked Petitioner's parole and ordered his sentence to "[c]ontinue to expiration."
>
> The Commission did not, despite Petitioner's contrary assertion, order him to serve an abbreviated sentence within a guideline range of 102-146 months. Petitioner knew this because his counsel appealed the decision. In that appeal, counsel argued that the "continue to expiration" sentence, which sentence counsel asserted fell outside both the guidelines and the hearing examiner's recommendation, was not supported by the Commission's "reasons or facts" in its decision. But the National Board of Appeals denied these grounds for appeal and affirmed the Commission's decision on June 11, 2019. What remained then was the 6,733 days Petitioner had not served before he was paroled in 1998. And, in revoking Petitioner's parole, the Commission ordered this remaining parole violator term to "[c]ontinue to expiration." So the BOP has properly applied Petitioner's 2,211 good time credits to his parole violator term in accordance with applicable policy. Petitioner is thus not entitled to habeas corpus relief.

*Arrington I*, 2024 WL 4129618, at *3-4 (W.D. Okla. May 14, 2024) (internal citations omitted), *adopted*, 2024 WL 4128307 (W.D. Okla. Sept. 9, 2024). Thus, the undersigned finds that Petitioner raised the substance of Ground Two in *Arrington I*, and the Court denied that argument on the merits.

In Ground Three, Petitioner asks whether the BOP deducted the good time credit at the rate of ten days per month. (Doc. 1, at 6). In *Arrington I* the Court noted that Petitioner "earned 10 days per month in statutory good time credit" and that "the BOP properly applied [Petitioner's] good time credits to his parole violator term in accordance with D.C.

offender policy." *Arrington I*, 2024 WL 4128307, at *2. Thus, Ground Three was raised and adjudicated on the merits in the prior § 2241 action.

Finally, in Ground Four, Petitioner asks whether the BOP erred in applying the good time credit properly according to the DC Good Time Credit Act, D.C. Code, and 28 C.F.R. § 2.35(a), (b). Petitioner raised his argument related to the DC Good Time Credit Act in *Arrington I*. *See Arrington I*, at Doc. 1, at 6 ("According to DCGT Credit Act, all DCGT is awarded up front and can only be forfeited in the event of a disciplinary infraction."). Petitioner raised his argument based on the D.C. Code in Ground One of this action, and the undersigned has found that Petitioner could have raised that argument in *Arrington I*. Petitioner did not invoke 28 C.F.R. § 2.35(a)(b) in *Arrington I*, but the undersigned finds Petitioner could have raised in in that action. Further, 28 C.F.R. § 2.35(a) states that "a prisoner shall be mandatorily released by operation of law at the end of the sentence imposed by the court less such good time deductions as he may have earned through his behavior and efforts at the institution of confinement." To the extent Petitioner contends he should be released now or at some earlier date due to his good time credits, that is foreclosed by the Court's determination in *Arrington I*.

The undersigned also finds that allowing Petitioner to raise these claims again would not serve the ends of justice. *See, e.g., Mays v. Carter*, 2022 WL 6616350, at *1 (10th Cir. Oct. 11, 2022) (equating the ends-of-justice exception to actual innocence by deciding that because the arguments made by the petitioner had "nothing to do with whether [he] is innocent of his underlying drug offenses, they fall outside the 'limited scope of the ends-of-justice exception.'") (quoting *Hill v. Daniels*, 504 F. App'x 683, 688 (10th Cir. 2012);

*Tolbert v. Carter*, 2024 WL 4437870, at *2 (D. Kan. Sept. 23, 2024) (finding that "considering this claim does not serve the ends of justice" where the petitioner did not explain how a new information altered the court's previous analysis).

For the reasons stated above, the Petition should be dismissed as successive.

## IV. Recommendation and Notice of Right to Object.

For the reasons stated, the undersigned recommends that the Petition (Doc. 1) be **DISMISSED** as a successive application for habeas relief under 28 U.S.C. § 2244(a). **Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by August 20, 2025**, in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 30th day of July, 2025.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE