IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DERREK E. ARRINGTON, )<br>)<br>        Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES BUREAU OF )<br>PRISONS, )<br>)<br>        Respondent. ) | Case No. CIV-25-00615-JD |

**ORDER**

Before the Court is United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 7], recommending that Petitioner Derrek E. Arrington's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition" or "Pet.") [Doc. No. 1] be dismissed as a successive petition. Judge Maxfield advised Mr. Arrington of his right to object to the R. & R. by August 20, 2025. R. & R. at 9.

Mr. Arrington timely objected on August 13, 2025 ("Objection" or "Obj."). [Doc. No. 9]. In his Objection, Mr. Arrington asserts that Magistrate Judge Maxfield did not consider the grounds raised in his Petition. Obj. at 1. Specifically, he contends she failed to address Ground Three, whether the Federal Bureau of Prisons ("BOP") deducted good time credit at a rate of 10 days a month. Additionally, he contends that he "has presented totally new arguments and information that should be considered by this Court." *Id.*

Consequently, the Court reviews de novo the objected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made."). Having done so, the Court determines that Mr. Arrington's § 2241 petition should be dismissed, with prejudice, as a successive § 2241 petition. The Court also declines to issue a certificate of appealability ("COA").

I.  **BACKGROUND**

In 2019, the United States Parole Commission revoked Mr. Arrington's parole for a sentence entered by the District of Columbia Superior Court in 1992.[1] Pet. at 1; *see also* [Doc. No. 1-1 at 1]. Mr. Arrington is confined in BOP.[2] *See* Pet. at 1 (stating his place of confinement is FCI El Reno and providing that as his address); [Doc. No. 9-1] (providing FCI El Reno as his address).

On November 28, 2023, Mr. Arrington challenged the calculation of his sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and this Court later denied that petition. *Arrington v. Bureau of Prisons*, *DSCC*, Case No. CIV-23-01087-JD, 2024 WL 4128307 (W.D. Okla. Sept. 9, 2024) ("*Arrington I*"). Mr. Arrington had challenged how his good time credits were applied to his sentence. *Id.* at *1.

Mr. Arrington, appearing pro se,[3] now files another habeas petition under § 2241,

---

[1] Effective August 5, 1998, the National Capital Revitalization and Self-Government Improvement Act of 1997 abolished the D.C. Board of Parole and transferred parole responsibility for District of Columbia prisoners to the United States Parole Commission. *See* D.C. Code § 24-131.

[2] Because Mr. Arrington is serving a sentence from the District of Columbia Superior Court, he is considered a state prisoner for purposes of 28 U.S.C. § 2241. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243–44 (10th Cir. 2015). This distinction is only relevant if Mr. Arrington appeals, in which case he must obtain a COA. *Id.* at 1244.

[3] Because Mr. Arrington is proceeding pro se, the Court liberally construes the Petition, but it may not act as Mr. Arrington's advocate or rewrite a petition to include

again challenging the calculation of his sentence based on the application of good time credits. Pet. at 2, 6–7.

## II. SECOND OR SUCCESSIVE § 2241 HABEAS PETITIONS

Provisions of 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), require preauthorization from the circuit court before a state prisoner files a "second or successive" habeas petition, require the prisoner to make certain showings before the district court must consider the merits of the petition, and require the district court to dismiss any claim presented in a second or successive petition if the claim was presented in a prior petition. 28 U.S.C. § 2244(b). But, by the plain language of the statute, these provisions apply only when a state prisoner files "a second or successive habeas corpus application under section 2254." *Id.* § 2244(b)(1), (2); *cf. Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) (concluding a prisoner did not need preauthorization to file a successive § 2241 petition because § 2244(b) explicitly refers to § 2254 petitions).

The Tenth Circuit has explained in several unpublished decisions that pre-AEDPA principles, not § 2244(b)'s provisions, govern successive § 2241 petitions filed by state prisoners. *See White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (unpublished) (first citing *Marques v. Abbiot*, 100 F. App'x 722, 724 (10th Cir. 2004) (unpublished); then citing *Mathes v. Saffle*, 35 F. App'x 746, 748 n.1 (10th Cir. 2002) (unpublished) and explaining that § 2241 habeas petitions "are subject to abuse-of-

---

claims that were never introduced. *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

the-writ principles"); *Shabazz v. Keating*, No. 00-6149, 2000 WL 1763456, at *2 (10th Cir. Nov. 30, 2000) (unpublished) (explaining that the Tenth Circuit has "not determined which criteria are applied for successive § 2241 petitions filed by 'state' petitioners" and concluding that the petitioner's § 2241 petition was successive under either criteria).

Under pre-AEDPA principles, a district court "is permitted, not compelled, to decline to entertain" a habeas petition that asserts a claim that "was previously heard and decided." *Sanders v. United States*, 373 U.S. 1, 12 (1963). A court may "decline to entertain such an application . . . if [the court] is satisfied that the ends of justice will not be served by inquiring into the merits." *Id.* (internal quotation marks omitted). The petitioner bears the burden to show that "the ends of justice would be served by a redetermination of the ground" that was previously determined against him. *Id.* at 17.

Further, before Congress enacted the AEDPA in 1996, courts barred new claims under the abuse of writ doctrine when those claims could have been raised in an earlier habeas petition but were not. *See Stanko*, 617 F.3d at 1270 (first citing *Sanders*, 373 U.S. at 17–18; then citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), *superseded by statute*, AEDPA, *as recognized in*, *Banister v. Davis*, 590 U.S. 504, 514 (2020) (explaining that before the AEDPA, the abuse of writ doctrine limited a habeas applicant's ability to file repetitive petitions)). Under this doctrine, "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* at 1271 (citing *McCleskey*, 499 U.S. at 489); *cf. Graewe v. English*, 796 F. App'x 492, 496–97 (10th Cir. 2019) (unpublished) (explaining that the petitioner had not

4

demonstrated that his omission of the claims in his previous petitions was the result of anything but inexcusable neglect); *see also* R. & R. at 5–6, 9 (explaining such principles apply here and providing Mr. Arrington with notice and an opportunity to object). To that end, a "petitioner must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice," "or, in the absence of cause, the petitioner must show that 'a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Stanko*, 617 F.3d at 1271 (quoting *McCleskey*, 499 U.S. at 494–95).

## III.    ANALYSIS

Upon de novo review, the Court concludes that the allegations and arguments in Mr. Arrington's current Petition, the documents attached thereto, and his Objection merely recount the same grounds previously raised in his earlier § 2241 petition, which the Court denied and dismissed with prejudice.[4] *See Arrington I*. Mr. Arrington continues to operate under the mistaken assumption that the United States Parole Commission ordered him to serve a guideline sentence of 102 to 146 months. Pet. at 6. Yet, in revoking Mr. Arrington's parole, the Commission concluded that "a decision above the guidelines [was] warranted" and ordered Mr. Arrington to continue in custody "until the expiration of [his] sentence less good time," crediting "[n]one of the time [Mr. Arrington] spent on parole." [Doc. No. 1-1 at 1–2]. Thus, "Mr. Arrington's parole violator sentence

---

[4] Additionally, to the extent Mr. Arrington raises a new argument or claim in his Petition, he does not establish cause for his failure to raise the claim in his earlier § 2241 petition, nor does he establish that a fundamental miscarriage of justice will result if the Court does not entertain the new argument or claim in the instant proceeding.

was the 6,733 days he had remaining when he was released on parole on July 13, 1998." *See Arrington I*, at *2.

Put another way, Mr. Arrington's parole violator sentence was 221 months. As a District of Columbia offender serving a sentence of more than 10 years, he was to earn 10 days per month in good time credit; thus, the BOP applied 2,211 good time credits toward his parole violator sentence. *Id.* at *2.[5] This is consistent with D.C. Code § 24-406(a), which provides that when parole is revoked, "the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence." Additionally, § 24-406(c)(2)(A) requires the forfeiture of street-time credit earned by a parolee upon the revocation of his parole if he "is convicted of a crime committed during a period of parole."

In summary, the BOP's application of good time credits toward Mr. Arrington's parole violator sentence is supported by D.C. Code, and Mr. Arrington's arguments and claims have been adjudicated on the merits in his prior § 2241 action. Applying pre-AEDPA principles, the Court finds that the instant § 2241 petition should be dismissed, with prejudice, as a successive § 2241 petition. The Court therefore accepts the R. & R.

---

[5] *See also* U.S. Dep't of Justice, Bureau of Prisons, Program Statement, District of Columbia Sentence Computation Manual, P5880.33, Ch. 12 at 1–2 (July 9, 2010), available at https://www.bop.gov/policy/progstat/5880_033.pdf.

IV.  **APPEALABILITY**

Because Mr. Arrington "is a state prisoner, he must first obtain a COA to proceed on appeal." *Eldridge v. Berkebile*, 791 F.3d 1239, 1243 (10th Cir. 2015). A COA may issue only if Mr. Arrington "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

To satisfy this required showing, Mr. Arrington "must demonstrate that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Smith v. Oliver*, 615 F. App'x 905, 908 (10th Cir. 2015) (unpublished) (internal quotation marks and citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met. *Cf. Smith*, 615 F. App'x at 909 (concluding that the petitioner could not make a substantial showing of the denial of a constitutional right where there was no error in the BOP's calculation of the petitioner's sentence); *Brooks v. Hanson*, 763 F. App'x 750, 752–53 (10th Cir. 2019) (unpublished) (concluding that no reasonable jurist could debate the district court's dismissal of the petitioner's successive § 2241 petition and denying the petitioner's application for a COA). Based on the Court's analysis and its adoption of the R. & R., Mr. Arrington cannot make the proper showing, and the Court declines to issue a COA.

V.  **CONCLUSION**

Having carefully and thoroughly considered this matter under the de novo framework for the objections raised, and for the reasons discussed above, the Court:

(1)   ACCEPTS the Report and Recommendation issued by United States

7

Magistrate Judge Amanda Maxfield [Doc. No. 7];

(2) DISMISSES WITH PREJUDICE[6] Mr. Arrington's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as a successive § 2241 petition; and

(3) DECLINES to issue a COA.

The Court will enter a separate judgment in this matter.

IT IS SO ORDERED this 13th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[6] *See Marques v. Abbiot*, 100 F. App'x 722, 723–24 (10th Cir. 2004) (unpublished) (explaining that the successive and abusive nature of the petitioner's § 2241 habeas petition challenging the state's method of calculating sentencing credits, warranted dismissal with prejudice and instructing the district court, on remand, to consider whether filing restrictions were appropriate in light of the petitioner's history of filing identical § 2241 petitions in rapid succession). The Court declines to impose filing restrictions for Mr. Arrington at this time, but should Mr. Arrington continue his abuse of the writ by filing actions that are in essence successive challenges to the execution of his sentence in terms of application of good time credits, the Court will consider filing restrictions in the future.